UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA GONZALEZ, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CF WATSONVILLE WEST, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-09769-EMC<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE, AND REMANDING CASE**<br><br>Docket Nos. 6, 15 |

Plaintiffs are the surviving children of decedent Severo Ronquillo. They have filed suit against Defendants CF Watsonville West, LLC and Watsonville Post Acute Center, which own and/or operate a nursing facility in the City of Watsonville. After Defendants removed the case from state to federal court, Judge Cousins issued an order directing Defendants to show cause as to why the case should not be remanded based on a failure to timely remove. *See* Docket No. 5 (order to show cause). Defendants have filed a response to the order to show cause as well as a motion to dismiss. In opposition, Plaintiffs argue that there should be a remand for lack of subject matter jurisdiction. Having considered the papers submitted, the Court deems this matter suitable for resolution without oral argument and thus **VACATES** the hearing on the motion to dismiss. The Court hereby **DISCHARGES** the order to show cause and **REMANDS** for lack of subject matter jurisdiction.

## I.　DISCUSSION

Defendants' response to the order to show cause addresses the issue of timeliness of removal. However, their response raises the issue of whether the Court has subject matter jurisdiction over the case. Plaintiffs' opposition to Defendants' motion to dismiss also raises the

issue of subject matter jurisdiction.

In the complaint, Plaintiffs allege that, in March 2020, their father, S. Ronquillo, fell at his home and sustained a hip fracture which required surgery. Several days later, he was placed at Defendants' nursing facility. *See* Compl. ¶ 25. Defendants had represented that they were skilled in providing, *e.g.*, nursing and medical support services and so could meet S. Ronquillo's needs. *See* Compl. ¶¶ 12-13. However, in June 2020, "due to inattention of [D]efendants' staff," S. Ronquillo fell out of a wheelchair. Compl. ¶ 25. Furthermore, in September 2020, "[d]ue to substandard and improper care and protocols, [he] contracted COVID-19 . . . . He was placed in a room with other COVID positive patients. He eventually died on October 5, 2020." Compl. ¶ 25.

Based on, *inter alia*, the above allegations, Plaintiffs have asserted six causes of action, all facially predicated on state law: (1) professional negligence; (2) elder abuse; (3) fraudulent misrepresentation; (4) negligent hiring and supervision; (5) wrongful death; and (6) survivor action. In their response to the order to show cause, Defendants argue that removal of the case to federal court was nevertheless proper because (1) the federal PREP Act[1] completely preempts the state law claims; (2) Plaintiff's allegations present a substantial, embedded question of federal law; and (3) the federal officer removal statute permits removal.

The Court does not agree. The Court recently considered the same basic arguments in *Sorace v. Orinda Care Center, LLC*, No. 21-cv-05714-EMC, 2021 U.S. Dist. LEXIS 217097 (N.D. Cal. Nov. 9, 2021), and found the defendants' position there untenable. In *Sorace*, the Court also took note of, *inter alia*, a number of decisions issued by other California district courts, also ruling against the defendants in the various cases. Defendants do not address either *Sorace* or those decisions, or other decisions that have issued subsequently. *See, e.g.*, *Jalili-Farshchi v. Aldersly*, No. 3:21-cv-04727-JD, 2021 U.S. Dist. LEXIS 247519, at *4 (N.D. Cal. Dec. 29, 2021) (noting that "[a] consensus is emerging that the PREP Act is not a fourth member of the complete preemption family").

Defendants rely instead primarily on *Garcia v. Welltower OpCo Group LLC*, 522 F. Supp.

---

[1] "PREP" stands for Public Readiness and Emergency Preparedness.

1   3d 734 (C.D. Cal. 2021), which the Court expressly rejected in *Sorace*. Defendants have also
2   cited a decision by the Third Circuit, *Maglioli v. Alliance Holdings, Inc.*, 16 F.4th 394 (3d Cir.
3   2021). *Maglioli* recognized that the PREP Act, while not creating implied complete preemption,
4   did create a specific express preemption for certain claims of willful misconduct; but claims not
5   falling within that narrow exception are not subject to preemption. *See, e.g.*, *Segel v. Sunray*
6   *Healthcare Ctr.*, No. CV 21-7468 DSF (DFMx), 2021 U.S. Dist. LEXIS 232027, at *5 n.2 (C.D.
7   Cal. Dec. 2, 2021) (stating that, even under *Maglioli*, which noted that the PREP Act creates an
8   exclusive federal cause of action for willful misconduct, such a "claim requires . . . an act or
9   omission taken 'intentionally to achieve a wrongful purpose'" and "[t]his standard 'shall be
10  construed as establishing a standard for liability that is more stringent than a standard of
11  negligence in any form or recklessness"; "Plaintiff [here] asserts something akin to recklessness,
12  not conduct done 'intentionally to achieve a wrongful purpose'"); *see also Maglioli*, 16 F.4th at
13  411 (recognizing that there was a request for punitive damages based on grossly reckless, willful,
14  and wanton conduct but "we cannot infer from that fleeting statement that the estates allege the
15  nursing homes acted with intent 'to achieve a wrongful purpose' or with knowledge that their
16  actions lacked 'legal or factual justification'"); *Hereford v. Broomall Operating Co. LP*, No. 21-
17  3922, 2021 U.S. Dist. LEXIS 235559, at *7-8 (E.D. Pa. Dec. 9, 2021) (stating that, even though
18  plaintiffs referred to knowing disregard and reckless disregard of various consequences that
19  created recklessly high risks to patients, "I do not see where any of the Plaintiffs have pleaded that
20  Broomall acted 'knowingly without legal or factual justification' and with an intent 'to achieve a
21  wrongful purpose'"; "if the punitive damages pleaded in *Maglioli* did not qualify as willful
22  misconduct under the statutory definition in the PREP Act, I cannot conclude that Plaintiffs'
23  allegations here fall within the Act"); *Hansen v. Brandywine Nursing & Rehab. Ctr., Inc.*, No. 21-
24  649-CFC, 2022 U.S. Dist. LEXIS 9331, at *6 (D. Del. Jan. 19, 2022) (noting that, even though the
25  cause of action was titled "willful and wanton misconduct," "without specific allegations of
26  wrongful purpose, that bare characterization does not state a claim for willful misconduct within
27  the bounds of the [PREP] Act").
28          Here, there is no claim of willful misconduct. The elder abuse claim asserted by Plaintiffs

can be predicated on mere recklessness.  *See* Cal. Wel. & Inst. Code § 15657 (providing that, "[w]here it is proven by clear and convincing evidence that a defendant is liable for physical abuse as defined in Section 15610.63, neglect as defined in Section 15610.57, or abandonment as defined in Section 15610.05, and that the defendant has been guilty of recklessness, oppression, fraud, or malice in the commission of this abuse, the following shall apply, in addition to all other remedies otherwise provided by law" – *e.g.*, reasonable attorney's fees and costs).  The allegations in the complaint also do not rise to the level of Defendants' acting knowingly without legal or factual justification and/or with an intent to achieve a wrongful purpose.  Indeed, what specific allegations there are in the complaint – as related to COVID-19 – suggest at most negligence.  *See also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (stating that "[w]e strictly construe the removal statute against removal jurisdiction" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

## II.     CONCLUSION

For the foregoing reasons, the Court discharges the order to show cause but remands the case back to state court based on lack of subject matter jurisdiction.  The Court need not rule on Defendants' motion to dismiss in light of its ruling herein.

The Clerk of the Court is ordered to administratively close the file in this case.

**IT IS SO ORDERED**.

Dated: January 26, 2022

_____
EDWARD M. CHEN
United States District Judge

4