UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CF WATSONVILLE WEST, LLC, et al.,<br><br>Defendants. | Case No. 21-cv-09769-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR AUTOMATIC 30-DAY STAY**<br><br>Docket No. 21 |

On January 26, 2022, the Court issued an order remanding the case back to state court due to lack of subject matter jurisdiction. The Court rejected Defendants' arguments that (1) the federal PREP Act completely preempted Plaintiffs' state law claims; (2) Plaintiffs' allegations presented a substantial, embedded question of federal law; and (3) the federal officer removal statute (28 U.S.C. § 1442) permitted removal. *See* Docket No. 19 (order).

The following day, January 27, 2022, Defendants filed a motion asking that the Court stay its remand order pursuant to Federal Rule of Civil Procedure 62(a). This is the motion currently pending before the Court. Having considered the parties' briefs, the Court hereby **DENIES** Defendants' motion.

Rule 62(a) provides for an automatic stay: "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless* the court orders otherwise." Fed. R. Civ. P. 62(a) (emphasis added). Although, in the instant action, the Court did not issue a formal judgment in remanding the case, Defendants maintain that there was a judgment in effect because Rule 54(a) defines a judgment as "a decree and any order from which an appeal lies," Fed. R. Civ. P. 54(a), and 28 U.S.C. § 1447(d) specifies that, although, as a general matter, "[a]n order remanding a case

to the State court from which it was removed is not reviewable on appeal," there is an exception – *i.e.*, "an order remanding a case to the State court from which it was removed pursuant to section 1442 . . . of this title [*i.e.*, the federal removal statute] shall be reviewable by appeal." 28 U.S.C. § 1447(d) (emphasis added).

For purposes of this order, the Court accepts Defendants' proposition that there has been a judgment. Defendants have provided decisions where, implicitly, courts have held that there were judgments in comparable circumstances. *See, e.g.*, Mot., Ex. 2-5, 8-14. Under Rule 62(a) then, there should be an automatic stay "unless the court orders otherwise." Fed. R. Civ. P. 62(a). In the exercise of its discretion, the Court orders that there shall be no stay. Although some courts have stayed in analogous cases, many courts have not. Defendants' anticipated appeal is predicated on the federal officer removal statute but that argument plainly lacks merit, as numerous courts have held, including this one. As the court held *in Sorace v. Orinda Care Ctr., LLC*, No. 21-cv-05714-EMC, 2021 U.S. Dist. LEXIS 217097, at *29-31 (N.D. Cal. Nov. 9, 2021), Defendants' allegations fail to show that their actions were taken pursuant to a federal officer's directions; the mere fact of government regulations and public directives regarding the response to COVID-19 was not sufficient. Accordingly, a stay, particularly for more than thirty days, is unwarranted.[1] *See Estate of Moore v. FH & HF-Torrance I, LLC*, No. 2:21-cv-08548-MCS-RAO, 2022 U.S. Dist. LEXIS 3707, at *4 (C.D. Cal. Jan. 6, 2022) (noting that "[s]everal courts, including this one, have declined to stay remand orders in similar COVID-19 wrongful death cases removed on the clearly unmeritorious federal officer jurisdiction theory presented here"); *Burton v. Silverado Escondido, LLC*, No. 21-cv-1213-WQH-RBB, 2021 U.S. Dist. LEXIS 211717, at *23-24 (S.D. Cal. Nov. 2, 2021) (concluding that defendant failed to demonstrate that "the circumstances justify a stay in this case" and therefore declining to stay the remand order); *Carrillo v. Sela Healthcare*, No. 5:21-cv-00150-FLA (SPx), 2021 U.S. Dist. LEXIS 194425, at *13-14 (C.D. Cal. Sep. 8, 2021) (stating that, "[s]ince the great weight of authority that considered the same argument regarding federal officer jurisdiction under similar facts has found it meritless,

---

[1] Because of Defendants' motion, they have obtained most of the Rule 62(a) thirty-day stay. The automatic stay here would expire after February 25, 2022.

the court declines to stay the remand pending an appeal"); *see also Thomas v. Century Villa Inc.*, No. 2:21-cv-03013-MCS-KS, 2021 U.S. Dist. LEXIS 110094, at *17 (C.D. Cal. June 10, 2021) (taking note of defendant's request to stay remand under Rule 62(a) so that it could appeal the denial of federal officer jurisdiction, but declining to issue the stay); *Smith v. Colonial Care Ctr. Inc.*, No. 2:21-cv-00494-RGK-PD, 2021 U.S. Dist. LEXIS 53554, at *23-24 (C.D. Cal. Mar. 19, 2021) (holding the same).

To the extent Defendants have now suggested that there should be a *Landis* stay because of the appeal pending before the Ninth Circuit in *Saldana v. Glenhaven Healthcare LLC*, No. 20-56194 (9th Cir.), which addresses similar issues, the Court rejects that argument as well. Defendants have waived the *Landis* argument by not timely raising it (*e.g.*, when they filed their motion to dismiss).

This order disposes of Docket No. 21.

**IT IS SO ORDERED**.

Dated: February 17, 2022

_____
EDWARD M. CHEN
United States District Judge